The opinion of the court ivas delivered by

Mr. Justice Bay.

Upon due consideration of this case,.! am of opinion that. ihe charge of the presiding judge to the jury was perfectly cor* *356 reel and proper. Formerly it was held in thisstate, that to take a case barred by the statute of limitations oat of-the statute* there must be a new promise or undertaking, and that a bare acknowledgment of a debt, without such promise, was not sufficient. But in the case of Roderiquez, vs. Fronte, tried in January term, 1808, before the late Mr. Justice Trezevant, who bad charged the jury that an acknowledgment of a debt, without such new promise, was not .sufficient for that purpose, the verdict for the defendant was set aside and a new trial ordered by the constitutional court; on the ground thaji an acknowledgment of a subsisting debt, still due and unpaid, would taken case out of the statute of limitations; because the statute goes apon the presumption that the debt has been paid and satisfied, and an acknowledgment therefore that the debt has not been paid will rebut such presumption; 4, East. Rep. 599, 604; 1st. Esp. 157; Peake, 93; and many cases have been determined since upon the same.principles.
With regard to the nature and import of this promise, the cases in the English books are manifold and some of them contradictory; and in general,.they appear to.be left to the inferences, and constructions of juries, according to their ideas of the subject, without any clear or definite rule to govern them. It appears to me therefore, that the rule laid down by the presiding judge in tills case, is an exceeding good one; that there must be some clear and explicit acknowledgment of a subsisting debt, still due to the plaintiff, to take it out of the statute; as nothing can be more precarious than the fluctuating and uncertain opinions of juries, drawn from circumstances, without any fixed or certain rule to govern their verdicts. 1 am there-; fore clearly of opinion that the rule for a new trial in this case should be dismissed and that the verdict of the jury should remain uuimpcachcd.
JYott, Gantt, and Huger, Justices, ebneurred.